DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Reginald Harris appeals his sentence from the Hocking County Court of Common Pleas on two counts of felony non-support pursuant to R.C. 2919.21(B). Harris contends that the trial court erred in imposing two maximum consecutive sentences because such sentences conflict with R.C. 2929.11 and its objective of securing ultimate payment of support to the victims. Because our review of the record reveals the trial court made all of the required statutory findings, we find no error in the court's imposition of consecutive sentences. Thus, we affirm.
 II. Proceedings Below {¶ 2} On December 17, 2001, the Hocking County Grand Jury indicted Harris on four counts of non-support of dependents, fifth-degree felonies in violation of R.C. 2919.21(B). On April 30, 2002, pursuant to a plea agreement, Harris entered guilty pleas to two counts, and the State of Ohio dismissed the other two counts. On June 27, 2002, the trial court sentenced Harris to the maximum term for each count, twelve months imprisonment, to be served consecutively.
 {¶ 3} At sentencing, the trial court reviewed Harris' prior criminal record which included the following convictions: driving under the influence once in 1987 and twice in 1989; domestic violence and assault in 1996; criminal non-support in 1996; and criminal mischief in 2002. Following the 1996 criminal non-support conviction, Harris was sent to the SEPTA Center. Subsequently, Harris' probation was revoked and he was imprisoned for the duration of that sentence.
 {¶ 4} The trial court also found that, at the time of sentencing, Harris owed $41,860.81 in past-due child support for two dependents. After the trial court considered the recidivism, seriousness, and likeliness factors of R.C. 2929.12(B)-(E), it found that Harris had committed the worst form of the offense. On the record, the trial court commented that "[t]his is the worst child support case I have ever seen * * * in my fifteen years I have never seen anyone with two children owe this much money from flat ignoring the Court consistently." Therefore, the trial court imposed the maximum sentence on each count.
 {¶ 5} After analyzing the requirements for imposing consecutive sentences at R.C. 2929.14, the trial court imposed consecutive maximum terms for each count of non-support. Specifically, the trial court sentenced Harris to twelve months imprisonment on each count consecutively.
 II. The Appeal {¶ 6} Harris timely filed an appeal raising the following assignment of error:
 {¶ 7} "The trial court erred in sentencing defendant to two maximum consecutive sentences of one year each for felony non-support in conflict with O.R.C. 2929.11 and its objective of securing restitution of arrearages and continued payments to the victim."
 {¶ 8} Harris asserts that the trial court should not have imposed consecutive sentences so that he could return to society, obtain gainful employment, and begin paying his past-due support obligations. Harris argues that the purpose underlying R.C. 2929.11 in non-support cases is to obtain restitution for the victim. Therefore, imposing his sentences consecutively would not achieve this purpose because such would only delay restitution. We find this argument to be without merit or support from any case law and affirm the judgment of the trial court.
 A.Standard of Review {¶ 9} R.C. 2953.08(A)(4) provides for an appeal if a sentence is contrary to law. A reviewing court may increase, reduce, modify or vacate a sentence if it finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. See R.C. 2953(G)(2)(a),(b). When reviewing a trial court's sentence, we must be circumspect; we do not substitute our judgment for that of the trial court, nor do we simply defer to its discretion. See State v.Huntley, Hocking App. No. 02CA15, 2002-Ohio-6806, at ¶ 4; see, also, R.C. 2953.08(G)(2). Rather, we examine the record to determine whether the trial court complied with, and adhered to, the sentencing mandates of the Revised Code. Specifically, the trial court must have: "1) considered the statutory factors; 2) made the required findings; 3) relied on substantial evidence in the record to support those findings; and 4) properly applied the statutory guidelines." Id.
 B.Consecutive Sentences {¶ 10} In Ohio, trial courts must generally impose concurrent prison sentences. See id.; see, also, R.C. 2929.41(A). As to consecutive sentences, R.C. 2929.14(E)(4) provides:
 {¶ 11} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 12} "* * *
 {¶ 13} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 14} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 15} Therefore, our review of Harris' sentence is a three-pronged query into the trial court's sentencing hearing. "First, the sentencing court must find that consecutive sentences are `necessary to protect the public' or to `punish the offender'; second, the court must find that the consecutive sentences are `not disproportionate to the seriousness of the offender's conduct and to the danger' he poses; and finally, the court must find the existence of one of the three enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." Huntley at ¶ 6, citing State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28.
 {¶ 16} Moreover, the trial court must also make findings that set forth its reasons for imposing consecutive sentences. See R.C.2929.19(B)(2)(c). Thus, the trial court must not only make the required findings under R.C. 2929.14(E)(4), but must also substantiate those findings by "identifying specific reasons supporting the imposition of the consecutive sentences." Huntley at ¶ 7, citing State v. Brice
(Mar. 29, 2000), Lawrence App. No. 99CA21.
 {¶ 17} A cursory inspection of the sentencing hearing transcript reveals that the trial court complied with the above requirements for imposing consecutive sentences. The trial court found, based on Harris' prior convictions for assault, domestic violence, three DUIs, criminal non-support, and criminal mischief, that Harris was an "extreme danger to the public" and that imposing consecutive sentences was necessary to protect the public from Harris. Moreover, the trial court reasoned that both the public and the victim have an interest in seeing child support paid, but that there is little chance Harris will ever pay on his obligation. These reasons support the court's finding under the first prong of our inquiry. See R.C. 2929.14(E)(4).
 {¶ 18} As for prong two, the trial court found that the harm in this case was so great "that a single term of one year would not adequately reflect the seriousness" of Harris' conduct. In support of this finding, the trial court set forth the following: that Harris has ignored all attempts by the court to persuade him to pay, that Harris is currently unemployed, and that it appears there is very little chance Harris will pay anything. The trial court also cited the outrageous arrearage of $41,860.81 that Harris owes. These reasons justify the finding that the imposition of consecutive sentences is not disproportionate to the seriousness of Harris' conduct or the danger he poses. See R.C. 2929.14(E)(4).
 {¶ 19} The third prong requires us to evaluate whether the trial court made a finding, and supported that finding with reasons, that any of the three enumerated circumstances under R.C. 2929.14(E)(4)(a) through (c) applies to Harris. The third enumerated circumstance under that section is that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. After reciting the highlights of Harris' criminal history once again for the record, the trial court found that this circumstance applied to Harris.
 C.Purpose Behind Felony Sentencing {¶ 20} Harris argues that the purpose behind the sentencing statute in this case is to secure restitution to the victim. Harris' argument ignores that the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, as well as to punish the offender. See R.C. 2929.11. Nowhere in the statutes is it written that the purpose for punishing felons in non-support cases is to gain restitution for the victim. What Harris' argument fails to recognize is that his failure to pay support to his two children is not only a crime against them, but also a crime against society.
{¶ 21} It is true that the sentencing guidelines are aimed initially at securing restitution in non-support cases. A first-time offense of non-support is merely a first-degree misdemeanor, with a penalty of at most six months imprisonment. See R.C. 2919.21(G)(1). Even in that case, however, imprisonment may be necessary to deter the offender, as well as others, from abandoning their support obligations. Furthermore, felony penalties apply to repeat offenders of non-support as well as enhanced non-support violations. See id. If the legislature intended that the sole purpose behind sentencing for non-support offenders was to procure ultimate payment of the support, certainly the General Assembly would have made restitution the sole concern under the sentencing guidelines. This is clearly not the case, as the purposes behind felony sentencing are explicitly outlined in R.C. 2929.11. In the case sub judice, the trial court's imposition of consecutive sentences accomplishes both of these purposes, i.e., to protect the public from future crimes by Harris and others, as well as to punish Harris.
 III. Conclusion {¶ 22} The trial court made the requisite findings in the sentencing transcript to impose consecutive sentences upon Harris. Harris' argument concerning the purpose behind felony sentencing lacks merit. Therefore, Harris' assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the HOCKING COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.